

U.S. Department of Justice

United States Attorney

District of Columbia

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

February 13, 2007

**FILED**

**FEB 2 6 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Lara Quint, Esq.**
**Federal Public Defender Service**

Re: United States v. **Yashika Archer**
Criminal Number **07-029 (PLF)**

Dear Ms. Quint:

This letter sets forth the full and complete plea offer to your client, Yashika Archer, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

**Charges and Statutory Penalties**

1. Your client agrees to plead guilty to **Count Two** in a criminal Information which charges your client with threatening, by electronic communication, to injure another person, a copy of which is attached, in violation of Title 22, D.C. Code, Section 407. Your client understands that pursuant to the above citation, the charge carries a maximum sentence of not more than six (6) months imprisonment or a fine of $500, or both. In addition to, or in lieu thereof, your client may be required to give bond to keep the peace for a period not exceeding one year. In addition, your client agrees to pay a special assessment of $25 for the misdemeanor conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing.

3. In consideration of your client's plea to the above offense, the government will dismiss at the time of sentencing, Count One of the Information. Your client agrees that with respect to any and all dismissed charges that your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

### Factual Stipulations

4. Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Sentencing Guidelines Not Applicable

5. Your client understands that the sentence in this case will be determined solely by the Court. Because the offense to which your client is pleading guilty can be classified as a Class B misdemeanor, the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual 2006 (hereinafter "Sentencing Guidelines" or "U.S.S.G") do not apply. (USSG Section 1B1.9. The sentencing guidelines for the Superior Court for the District of Columbia do not apply to misdemeanor offenses.

### Agreement as to Sentencing Allocution

6. The government reserves its right to speak at your client's sentencing and recommend a sentence up to and including the statutory maximum. Furthermore, under 18 U.S.C., Section 3771, the crime victim in this case has the right to be reasonably heard at any public proceeding in the district court involving, inter alia, plea or sentencing. 18 U.S.C. Section 3771(4).

### Court Not Bound by the Plea Agreement

7. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above agreement. It is understood that the sentence to be imposed upon your client is determined solely by the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is harsher than your client's expectations.

### Release/Detention

9. Your client acknowledges that while the Government will not request that your client be held without bond pending sentencing. the Government may ask the Court to impose certain release conditions. However, your client understands that the final decision regarding your client's bond status or release conditions will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

2

### Breach of Agreement

10. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

11. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

12. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

13. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

14. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of

the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Complete Agreement

15. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

16. Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

17. If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
Abby J. Stavitsky
ASSISTANT UNITED STATES ATTORNEY

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Lara Quint, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 2-26-07

Yashika Archer

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 2/26/07

Lara Quint, Esquire
Attorney for the Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 07-029 |
| v. | MAGISTRATE NO. 07-006M-01 (CR) |
| YASHIKA D. ARCHER,<br>**Defendant.** | VIOLATIONS: 18 U.S.C. §875(c)<br>(Interstate Communications);<br>22 D.C. Code §407<br>(Threatening to Kidnap, Injure, or Physically Damage) |

## INFORMATION

FILED
FEB 0 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FRIEDMAN, J. PLF
A

The United States Attorney charges that:

### COUNT ONE

On or about July 7, 2006, within the District of Columbia, the defendant, **YASHIKA D. ARCHER**, willfully and knowingly did transmit in interstate commerce from the State of Maryland to the District of Columbia, an electronic communication to Nakeesha McCottrell, which electronic communication contained a threat to injure the person of Nakeesha McCottrell, that is, "I will stab your ass like I threatened to do before."

(**Interstate Communications**, in violation Title 18, United States Code, Section 875(c))

## COUNT TWO

On or about July 7, 2006, within the District of Columbia, **YASHIKA D. ARCHER**, by means of an electronic communication, threatened to injure the person of Nakeesha McCottrell.

(**Threatening to Kidnap, Injure or Physically Damage**, in violation of Title 22, District of Columbia Code, Section 407)

JEFFREY A. TAYLOR
Attorney of the United States in
and for the District of Columbia
Bar NO. 498-610

BY:  _____
ABBY STAVITSKY
Assistant United States Attorney
Bar No. 421-015
Federal Major Crimes Section
555 4th Street, N.W., Room 4645
Washington, D.C. 20530
(202) 353-8829