IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| v. | : | CR. NO. 07-029 (PLF) |
| YASHIKA ARCHER | : | |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant, Yashika Archer, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, Ms. Archer asks the Court to impose a suspended sentence of six months as well as a period of probation. A suspended sentence would ensure that Ms. Archer would be punished should she engage in new criminal conduct, while also permitting Ms. Archer to obtain any psychological counseling she may need and make any restitution the Court may order.

**BACKGROUND**

On February 7, 2007, Ms. Archer was charged, in a two-count information, with Interstate Communications, in violation of 18 U.S.C. § 875 (c) (Count One) and Threatening to Kidnap, Injure, or Physically Damage, in violation of 22 D.C. Code § 407 (Count Two). On February 26,

2007, Ms. Archer pled guilty to Count Two and the government agreed to dismiss Count One at the time of sentencing.

**DISCUSSION: IN LIGHT OF ALL THE FACTORS RELEVANT TO SENTENCING, MS. ARCHER SHOULD BE SENTENCED TO A SIX-MONTH SUSPENDED SENTENCE AND A PERIOD OF PROBATION**

    A.    <u>Statutory Provisions</u>

Pursuant to 22 DC Code, Section 407, the maximum period of incarceration is 180 days for this Class B Misdemeanor.

    B.    <u>Sentencing Guidelines</u>

    <u>I.</u>    *Applicable Guideline Range*

The voluntary guidelines for the Superior Court of the District of Columbia apply to felony offenses only and are thus inapplicable to the instant offense.

    C.    <u>Other Factors</u>

Pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances

2

of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

The offense to which Ms. Archer pled guilty is a serious one. By engaging in the communications she did, Ms. Archer instilled fear and anxiety in someone who considered her a confidant and friend. Though Ms. Archer should have predicted, or considered, how her actions would affect her friend, it bears noting that she never intended either to harm her friend's baby or to evoke such intense anguish in her friend. Certainly, Ms. Archer's failure to anticipate the consequences is no excuse. Nevertheless, the Court should consider Ms. Archer's mind-set and intent in fashioning an appropriate sentence.

*II. Characteristics of the Defendant*

Just as the Court should consider Ms. Archer's intent in determining a sentence, it should also consider Ms. Archer's history. While her actions were reckless and, indeed, incomprehensible in this case, they were an aberration and completely out of character. As set forth in the Presentence Investigation Report ("PSR"), Ms. Archer not only has no criminal history, but has led a productive and law-abiding life.

While Ms. Archer did not grow up in the presence of a father, she has a close relationship

with her mother and is engaged to her partner of three years. As indicated in the PSR, both her mother and fiancé have seen a different side to Ms. Archer than Ms. McCottrell did in the instant case. They have seen a kind, church-going, gentle and compassionate woman who has been there for them in times of need. They have seen the woman who makes sure her four year-old brother gets to day care and back each day and who leads a support group for urban teenage girls at her church.

Ms. Archer worked hard in school and, since her graduation from Morgan State University, has been steadily, and gainfully, employed. Indeed, she worked part-time even as a student, as part of a stay-in-school program.

Given her lack of prior convictions and, as her mother put it, her history as a "good girl," Ms. Archer's involvement in the underlying offense was both out of character and puzzling. As indicated in the letter of apology Ms. Archer wrote to Ms. McCottrell, she simply could not have imagined the repercussions. Ms. Archer's sudden encounter with the criminal justice system came as a shock and a wake-up call. Having never set foot in a courtroom, the experience has been terrifying, humbling, and embarrassing for her. Ms. Archer was ashamed to have to share the nature of her actions with her mother and fiancé and, at this juncture, wants nothing more than to put the case behind her. She is regretful and remorseful, and to this day cannot fully explain what came over her.

### III. Needs of the Community and Public

Ms. Archer knows that the Court must punish her for her actions. In fashioning a sentence, however, she asks the Court to consider what is truly in Ms. McCottrell and the

community's best interests. The anguish Ms. Archer caused cannot be undone, and a sentence of incarceration would not retroactively negate or lessen the fears Ms. McCottrell has experienced. In light of the fact that Ms. Archer has never served a day in jail and never brought about any actual harm to the child in question, imprisoning Ms. Archer would be unduly punitive. Given her history, the very fact of being charged, convicted and sentenced is sufficient to ensure that Ms. Archer feels punished.

A sentence of probation, which would allow Ms. Archer to receive any counseling the Probation Office might deem appropriate, would more greatly serve the interests of the community. It is unclear whether Ms. Archer herself understands the reasons behind her behavior; for this reason, mental health treatment would be far more productive–and rehabilitative–than a jail sentence. A term of probation would also enable Ms. Archer to maintain employment and make any restitution the Court might order. By imposing a suspended sentence, the Court could ensure that, should Ms. Archer come into contact again with the criminal justice system, the sentence for the instant case would be hanging over her.

## CONCLUSION

For the reasons set forth above, as well as for any others that it may deem fair and reasonable, Ms. Archer asks the Court to sentence her to a suspended sentence of six months and a period of probation. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

The sentence requested is consistent with the nature of the offense, the characteristics of

the defendant, and the needs of the community and public. A sentence of incarceration is not necessary for punitive or deterrent purposes and a sentence of probation would be more consistent with rehabilitation.

                                        Respectfully submitted,

                                        A.J. Kramer
                                        Federal Public Defender

                                        _____/s/_____
                                        Lara G. Quint
                                        Assistant Federal Public Defender
                                        625 Indiana Avenue, N.W.
                                        Washington, D.C.  20004
                                        (202) 208-7500 ex.126