UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 13 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 07-0029 (PLF)
)
YASHIKA ARCHER, )
)
Defendant. )
_____ )

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Yashika Archer's motion to expunge her criminal record. Upon consideration of Ms. Archer's motion, the relevant legal authorities, and the entire record in this case, the Court will deny Ms. Archer's motion.

In February 2007, Ms. Archer was charged in a two-count information with Interstate Communications, in violation of 18 U.S.C. § 875(c) (Count One) and Threatening to Kidnap, Injure, or Physically Damage, in violation of 22 D.C. Code § 407 (Count Two). Later that month, Ms. Archer pled guilty to Count Two, a misdemeanor; Count One was dismissed at the time of sentencing. The Court sentenced Ms. Archer to 180 days of incarceration, with all but 20 days suspended, to be served on weekends, with three years of supervised release incorporating mental health treatment. See Judgment [Dkt. No. 14]. In addition, Ms. Archer was also ordered to pay $2,207.00 in restitution.

Ms. Archer now requests that the Court expunge her criminal record because this was her first conviction and the incidents giving rise to the case were "completely out of character" and "will unduly hinder her ability to continue to work and deprive her of future

job opportunities." Mot. to Expunge [Dkt. No. 21] at 2.[1] Ms. Archer does not contest her guilt or any of the circumstances surrounding her arrest and conviction.

The court may order expungement where it is required or authorized by statute, or "in exercise of [its] inherent equitable powers." Doe v. Webster, 606 F.2d 1226, 1231 (D.C. Cir. 1979). See id. at 1231 n.8 ("The power to order expungement is a part of the general power of the federal courts to fashion appropriate remedies to protect important legal rights."). When the court exercises its inherent equitable power to order expungement, it requires "either a lack of probable cause coupled with specific circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances." Id. at 1230.

"[A]bsent specific statutory authority" — and Ms. Archer cites no such authority — "it would be wholly inappropriate to order . . . expungement in a case such as this where there has been not only a valid arrest but a valid conviction." Doe v. Webster, 606 F.2 at 1231. Moreover, Ms. Archer has failed "to make the necessary showing for this Court to exercise its inherent, equitable expungement power." United States v. Wilson, Criminal No. 98-0558, 2008 WL 2446134, at *1 (D.D.C. June 17, 2008). Ms. Archer's only claim is that she "will be able to fulfill higher level functions at work without the impediments of a prior conviction." Mot. to Expunge at 2. While it is true that an arrest record can be a "substantial barrier" to employment, Menard v. United States, 498 F.2d 1017, 1024 (D.C. Cir. 1974), that bare generalization does not warrant the remedy of expungement of a record of arrest or conviction. See United States v. Wilson, 2008 WL 2446134, at *1-*2 ("[S]uch

---

[1] On July 10, 2012, Ms. Archer filed two nearly identical pro se motions to expunge [Dkt. No. 17] and to seal [Dkt. No. 18] her criminal record. On Oct. 22, 2012, the Federal Public Defender filed a Motion to Expunge [Dkt. No. 21] on Ms. Archer's behalf.

harm is insufficient to outweigh the government's interest in maintaining a record of her arrest and conviction, as [she] does not argue that she was improperly arrested or convicted or that her present situation is unattributable to her own actions."); In re Reid, 569 F. Supp. 2d 220, 222 (D.D.C. 2008) (holding that petitioner's inability to obtain employment is insufficient grounds for expungement).

Accordingly, for the foregoing reasons, it is hereby

ORDERED that Ms. Archer's motions to expunge and seal her criminal record [Dkt. Nos. 17, 18 and 21] are DENIED.

SO ORDERED.

DATE: 11/13/12

PAUL L. FRIEDMAN
United States District Judge

3